Opinion filed May 10, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed May 10, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00384-CR 

                                                    __________

 

                               JOSEPH MICHAEL GOMEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo Pinto County, Texas

 

                                                   Trial
Court Cause No. 12,177

 



 

                                                                   O
P I N I O N

 

The jury convicted Joseph Michael Gomez of
aggravated sexual assault of a child. 
The jury found the enhancement paragraph to be true and assessed
appellant=s punishment
at fifty years confinement.  We affirm.

In his sole point of error, appellant argues that
the trial court denied his right of confrontation pursuant to the Sixth
Amendment of the United States Constitution. 
Appellant=s
complaint concerns the accommodations the trial court made during the testimony
of the victim, who was eight years old at the time of trial.








The State called the victim as a witness; and she
testified generally about her age, school, and 
family.  The victim stated that
she was in court because of appellant and identified appellant.  The victim testified that she told her
grandmother about Abad
things@ that
appellant had done to her.  The victim
stated that she could not remember what she told her grandmother.  When questioned by the State, the victim
repeatedly said she could not remember the Abad
things@ that she
told her grandmother.  The victim said
she was Anervous@ to talk about what happened.  The victim further testified that she was
afraid to tell the jury what happened to her.

The State asked the victim if appellant did
something that she did not want him to do, and the victim responded, AYes.@  The victim then again stated that she told
her mother and grandmother what appellant had done but that she could not
remember.  The victim testified that she
did not have any clothes on when appellant did these things to her.  The victim further testified that appellant
did not have clothes on and that she saw appellant=s
private part.  When asked if appellant
did something to her private parts, the victim responded, AYes.@  The victim then testified that she was too
embarrassed to tell the jury what appellant did to her private parts and that
she would not tell the jury what appellant had done to her.  She refused to tell the jury what appellant
had done to her.  The trial court then
granted the State=s request
for a recess.

After the recess, the trial court made Asome accommodations to the comfort of
[the victim] in providing the balance of her testimony and the
cross-examination.@  The trial court allowed the victim to sit in
her mother=s lap and
instructed her mother not to speak to, gesture, or nudge the victim.  The trial court required everyone to leave
the courtroom but the victim, her mother, the jury, attorneys for the State,
appellant, appellant=s
attorney, the court reporter, and the bailiff. 
The trial court then stated its plan to Are-situate
the placing of [appellant]@
to the right of the bench.  The trial
court then stated:

The
record will reflect that the witness chair is immediately to the left of the
bench.  

 

The chair which has been placed immediately to the
right of the bench is within -- I=ll
say it=s three
or four feet of the chair occupied by [appellant=s]
attorney.  

 








At any time during the direct testimony or the
cross-examination of [the victim], if the [appellant=s]
attorney needs to confer with his client and the some three to four feet that
they are separated by presents a problem, [appellant=s
attorney] will be allowed to have any amount of recesses and time-outs, if you
will, as may be necessary in his opinion to confer with his client.

 

Appellant=s
attorney objected  arguing that the
accommodations  violated the  Confrontation Clause.  The Confrontation Clause of the Sixth
Amendment to the United States Constitution provides in part that, A[i]n all criminal prosecutions, the
accused shall enjoy the right . . . to be confronted with the witnesses against
him.@  See also Delaware v. Fensterer,
474 U.S.
15, 22 (1985); Hightower v. State, 822 S.W.2d 48, 50 (Tex. Crim. App.
1991).  The Confrontation Clause is
primarily concerned with ensuring Athe
reliability of the evidence against a criminal defendant by subjecting it to
rigorous testing in the context of an adversary proceeding before the trier of
fact.@  Maryland
v. Craig, 497 U.S.
836,  845 (1990).  A number of factors are important in
accomplishing this purpose including: 
(1) a personal examination of the witness in the presence of the
accused; (2) the witness testifying under oath; (3) the witness being subject
to cross‑examination; and (4) the jury observing the demeanor of the
witness.  Id. at 845‑46.

The victim testified under oath and was subject to
cross-examination.  The jury was able to
observe the victim as she testified. 
After the trial court made the accommodations, appellant could not see
the victim, although he was present in the courtroom.  A defendant=s
right to confront accusatory witnesses may be satisfied absent a Aphysical, face-to-face confrontation@ when denial of confrontation is
necessary to further an important public policy.  Id at 850.  In order to allow a modification of  the face‑to‑face element of the
confrontation right, we must determine (1) whether an important state interest
exists and (2) whether the procedural modification used in the trial was
necessary to further that interest.  Id. at 855.

A State=s
interest in protecting child abuse witnesses from the trauma of testifying in a
child abuse case is sufficiently important to justify use of a special
procedure that permits a child to testify at trial in the absence of
face-to-face confrontation with the defendant. 
Hightower v. State, 822 S.W.2d at 51.  We must now determine whether the trial court=s procedural modification was necessary
to further the interest of protecting the child victim of sexual abuse from the
trauma of testifying.  








In order to find that the modification procedure
is necessary, the trial court must determine that the child would be
traumatized by the presence of the defendant and that the emotional distress
suffered by the child witness in the presence of the defendant is Amore than de minimis.@ 
Id.   The record shows that the victim was afraid
to testify about the offense while appellant was visible to her in the
courtroom.  While appellant was in her
sight, the victim continued to state that she was Aembarrassed@ to testify and that she could not
remember what appellant had done to her. 
The trial court found that the modifications were necessary to
accommodate the victim.  The trial court
did not err in allowing the victim to testify without having appellant visible
to her during her testimony.  

Moreover, Virginia Elaine Caldwell, a sexual
assault nurse examiner at Cook Children=s
Medical Center, examined the victim.  Caldwell
testified that the victim stated appellant touched the victim=s Aprivates@ and her Abottom@ with appellant=s
hand and his Aprivate.@ 
Caldwell
further testified that, based upon her examination of the victim, she
determined that the victim suffered a blunt-force penetrating trauma consistent
with the Apenetration
of the vagina by a male sexual organ or a finger.@  Any error in allowing the victim to testify
without face-to-face confrontation with appellant did not contribute to the
conviction or punishment of appellant.  Tex. R. App. P. 44.2(a).  Appellant=s
sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 10, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.